IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HARTFORD LIFE INSURANCE COMPANY,<br><br>    Plaintiff-Stakeholder<br><br>             v.<br><br>AYMARA VÁZQUEZ-CASAS, et al.,<br><br>    Defendants | CIVIL NO. 10-1701 (JP) |

## OPINION AND ORDER

Before the Court is Plaintiff-Stakeholder Hartford Life Insurance Company's ("Hartford") motion for partial judgment and for attorneys' fees and costs (**No. 28**). Said motion is unopposed.[1] For the reasons stated herein, Plaintiff Hartford's motion is hereby **GRANTED**.

By way of background, on October 13, 2004, Hartford issued an annuity insurance contract (the "Contract") to Defendants' mother, Esther Vázquez (the "Decedent"). On or about March 7, 2006, Hartford received an Annuity Beneficiary Change Request form containing a signature of "Esther Vázquez" in which the Decedent's daughters, Aymara Vázquez-Casas ("Aymara") and Gelcys Vázquez ("Gelcys"), were

---

1.   On December 10, 2010, Defendant Gelcys Vázquez attempted to file an opposition to the instant motion which was filed on October 14, 2010.  Local Rule 7(b) requires that oppositions to motions be filed within fourteen days after service of the motion.  Upon Plaintiff's motion (No. 30), the Court struck (No. 32) Defendant's opposition because it did not comply with Local Rule 7(b) when said opposition was filed almost two months after Plaintiff filed its October 14, 2010 motion.

CIVIL NO. 10-1701 (JP)              -2-

both named as fifty percent primary beneficiaries of the proceeds from the Contract in the event of the Decedent's death.

On or about June 26, 2006, Hartford received a fax of an Annuity Beneficiary Change Request form containing a signature of "Esther Vázquez" in which Defendant Aymara was named as the one hundred percent primary beneficiary of the Contract proceeds in the event of Decedent's death.  Hartford received a call from Joseph Feinberg ("Feinberg"), the broker who sold the Contract to the Decedent, on or about August 7, 2006.  Feinberg informed Plaintiff that one of the Decedent's daughters would call claiming to be the owner of the Contract and requesting a change in the address of record from Puerto Rico to Miami or Miami Beach.  Hartford is unaware as to which of the Defendants Feinberg was referring to.

Decedent passed away on April 10, 2010.  The death certificate identifies Alzheimer's disease as one of the causes of death.  Upon receiving notice of the Decedent's death, Hartford provided paperwork to Defendant Aymara regarding the rights to the proceeds of a beneficiary.  Defendant Aymara filled out, and provided to Plaintiff, the Lump Sum Payment Option form in which she elected to receive all the proceeds from the Contract.

By letter dated April 28, 2010, Defendant Gelcys' attorney called into question the change of beneficiary which listed Defendant Aymara as the one hundred percent beneficiary.  Because of the potential conflicting claims between Defendants Aymara and Gelcys,

CIVIL NO. 10-1701 (JP)          -3-

Hartford was uncertain as to the appropriate disbursement of the Contract proceeds. As such, Hartford filed the instant interpleader complaint against Defendants Aymara and Gelcys on July 22, 2010. Both Defendants answered the interpleader complaint (Nos. 23 and 27) and neither one asserted any counterclaims against Hartford.

On September 17, 2010, Hartford deposited the entire value of the Contract, $159,428.87, with the Court. After depositing the funds with the Court, Plaintiff-Stakeholder Hartford filed the instant motion requesting that it be dismissed from the case and that it be awarded attorneys' fees and costs in the amount of $8,103.24. Along with the motion, Plaintiff submitted evidence of the amount owed for costs and attorneys' fees.

**1.   Dismissal of Hartford**

Plaintiff Hartford requests that it be dismissed from the instant action since it has no claim or interest in the disputed Contract proceeds. The Court agrees with Plaintiff Hartford. The only reason Plaintiff was involved in the instant case is because it held the proceeds of the Contract in its possession. Since Hartford has deposited said proceeds with the Court and since the dispute as to the ownership of the funds is between Defendants Aymara and Gelcys, the Court **GRANTS** Plaintiff Hartford's motion to be dismissed from this case. The Court will enter a separate partial judgment accordingly.

CIVIL NO. 10-1701 (JP)            -4-

    **2.   Request for Attorney's Fees and Costs**

    Plaintiff also requests $8,103.24 for the costs and attorneys'
fees incurred in the filing of this interpleader action to resolve
Defendants' competing claims.

    A federal district court has the discretion to award attorneys'
fees and costs to the Plaintiff-Stakeholder in interpleader actions
if it is equitable and fair to do so.  Sun Life Assur. Co. of Canada
v. Sampson, 556 F.3d 6, 8 (1st Cir. 2009).  In the exercise of its
discretion, the Court determines that it is fair and equitable to
award attorneys' fees and costs to Hartford.  Ferber Co. v. Ondrick,
310 F.2d 462, 467 (1st Cir. 1962) ("[a]n interpleader fee is usually
awarded out of the fund to compensate a totally disinterested
stakeholder who had been, by reason of the possession of the fund,
subjected to conflicting claims through no fault of its own[]"); see
also Foxborough Savings Bank v. Petrosian, 84 F. Supp. 2d 172,
174 (D. Mass. 1999).  As such, the Court **GRANTS** Plaintiff's request
for attorneys' fees and costs in the amount of $8,103.24.
Plaintiff-Stakeholder **SHALL** file a motion for disbursement of funds
for the amount of $8,103.24 **on or before February 15, 2011.**

    **IT IS SO ORDERED.**

    In San Juan, Puerto Rico, this 1st day of February, 2011.


                                   s/José Antonio Fusté
                                 JOSÉ ANTONIO FUSTÉ
                                 CHIEF U.S. DISTRICT JUDGE